UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| RON W. ASHFORD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-264-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BOLLMAN HAT CO., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Bollman Hat Company's motion to dismiss or, in the alternative, to transfer the action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) [Record No. 5]; Plaintiff Ron Ashford's motion to stay the case pending resolution of the Kentucky Court of Appeal's decision in a similar state court action [Record No. 12]; and the parties' cross-motions for sanctions [Record Nos. 19 and 24].  As discussed more fully below, several of the plaintiff's claims are barred by the applicable statutes of limitations and will be dismissed.  Next, the abstention doctrine announced in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), justifies a stay of the plaintiff's remaining claims.  Finally, Ashford's request for a show cause order will be denied.

**I.**

Plaintiff Ashford is a resident of Fayette County, Kentucky.  Asford claims that he was hired by Bollman Hat Company ("Bollman") as a sales representative "on or about

April, 1986." [Record No. 1, p. 4] Bollman Hat Company is incorporated in Pennsylvania and its principal place of business is located in that Commonwealth. *Id.* at 3.

This case concern an employment agreement that Ashford executed in 2002. [Record No. 8] The agreement identifies Ashford as a "non-exclusive" sales representative "for Kangol Headwear USA, Division of Bollman Hat Company (Kangol)" and states that the it will commence on July 1, 2002. *Id.* at 1. The agreement also establishes that the plainitff will be paid on commission for "the invoiced wholesale sales price . . . of Products to customers within the Territory that are identified and contacted by [Ashford] pursuant to this Agreement." *Id.* at 2. Ashford's "Territory" included Southern Indiana, Tennessee, Kentucky, and West Virginia "(minus Pandhandle)." *Id.* The agreement further provides that it "shall continue in force until terminated by either party giving thirty (30) days written notice to the other." *Id.* at 8.

The following General Provisions contained in Section 16 of the contract are also pertinent:

> You and Kangol each agree to act in good faith and use our best efforts to resolve any controversy or claim arising out of or relating directly or indirectly to this Agreement and the actions contemplated hereby. This Agreement and any such controversies or claims arising directly or indirectly hereunder shall be governed by the internal laws of the Commonwealth of PA and the United States of America.
>
> You agree that any claim or action filed with respect to the enforcement or interpretation of this Agreement or the transactions contemplated hereby shall be settled in a court of competent jurisdiction located in Pennsylvania, and you hereby irrevocably consent to the exclusive jurisdiction of the courts located in that State.

*Id.* at 9.

By letter dated December 14, 2006, a representative of Kangol Headwear USA informed Ashford that the agreement "will be terminated after January 30, 2007." [Record No. 17-5]   Ashford subsequently filed a charge of discrimination with   the Equal Employment Opportunity Commission ("EEOC") in Kentucky.  [Record No. 1, p. 5]  That claim was later transferred to the EEOC's New York office.  *Id.*  The EEOC issued Ashford a right to sue notice on December 8, 2009.  [Record No. 1, p. 5; Record No. 5-1, p. 3]

## II.

On March 8, 2010, Ashford filed a Complaint against Bollman Hat Company in the Fayette Circuit Court in Kentucky, alleging age discrimination in violation of Kentucky's Civil Rights Act, fraud, breach of the employment agreement, and breach of the agreement's implied covenant of good faith and fair dealing.  [Record No. 5-2]  On May 19, 2010, Ashford obtained an ex parte default judgment against Bollman and then moved for a damages hearing.  [Record No. 5-3, pp. 3-4][1]  On May 28, Bollman filed a motion to set aside the default judgment.  *Id.*  Approximately two weeks later, the trial court scheduled a hearing on the motion for damages and the motion to set aside the default judgment.  *Id.* at 10.  On June 9, 2010, Bollman filed its Answer along with a Notice of Removal to federal court based on diversity jurisdiction.  *Id.* at 10-11.

After the action was removed to this Court, the plaintiff filed a motion to remand.  In deciding the motion, District Judge Jennifer B. Coffman (now retired) determined that the thirty-day period for removal under 28 U.S.C. § 1446(b) had expired.  [Record No. 17-3, pp.

---

[1]     The parties have only provided parts of the Fayette Circuit Court's record.  As a consequence, the Court relies in part on the Kentucky Court of Appeals' undisputed account of events in its opinion dated August 23, 2013, and attached as Exhibit 2 to the defendant's motion to dismiss [Record No. 5-3].

3-4]  On April 12, 2010, Kentucky's Secretary of State returned the summons it served on Donald Rongione, Bollman Hat Company's president, pursuant to Kentucky's long arm statute.  *Id.*  Bollman did not receive actual notice on that date because Rongione failed to retrieve the registered mail addressed to him by the Kentucky Secretary of State's Office. However, Judge Coffman found that, "Rongione failed to receive notice of the complaint because of his own inaction, [and] not through any fault of the Secretary of State. . . . But for Rongione's forgetfulness and indifference, Bollman would have received formal notice of Ashford's suit on April 5 at the latest."  *Id.* at 7.  As a result, Judge Coffman held that, "Bollman is equitably estopped from arguing that the [thirty-day] removal period was not triggered until May 19, [2010] when its Kentucky counsel, Paul Hershberg received an emailed copy of the summons and complaint."  *Id.* at 6.  Based on these findings, Judge Coffman granted the plaintiff's motion for remand on January 14, 2011.  *Id.* at 9.

After the case was remanded, the Fayette Circuit Court denied Bollman's renewed motion to set aside the default judgment.  [Record No. 5-3, pp. 11-12]  Bollman then filed a motion for reconsideration that also was denied.  *Id.* at 16.  Following a damages hearing, the Fayette Circuit Court issued an opinion granting damages to the plaintiff on some of his claims but granting summary judgment to the defendant on other claims.  [Record No. 17-1] Both parties appealed to the Kentucky Court of Appeals.  [Record No. 5-3, p. 1-2]  In the same appeal, Bollman challenged entry of the default judgment.  *Id.* at 2.

On September 23, 2013, the Kentucky Court of Appeals held that the trial court had erred by refusing to set aside the default judgment.  *Id.* at 22.  The court acknowledged that Bollman had demonstrated several meritorious defenses, including "the choice of law and forum selection clause in Ashford's contract requiring claims to be filed in Pennsylvania and

tried under its laws." *Id.* at 26.   Accordingly, the state appellate court reversed the lower court's judgment and damages order and remanded the case for adjudication on the merits, "beginning with liability." *Id.* at 28.

When the case again returned to the Fayette Circuit Court, Bollman moved for a dismissal without prejudice based on the contract's forum selection clause and the doctrine of *forum non conveniens*.   [Record No. 5-4]   On June 8, 2015, the Fayette Circuit Court granted Bollman's motion to dismiss over Ashford's objections.   [Record No. 5-7, p. 7]   The court recognized the forum selection clause as valid and enforceable and rejected Ashford's estoppel and waiver arguments.   *Id.* at 7-14.

Ashford responded with a motion to alter, amend, or vacate the judgment.   A hearing on that motion was held on July 23, 2015.   [Record No. 5-8]   On July 30, the Fayette Circuit Court denied the plaintiff's motion to alter, amend or vacate the order dismissing the action.[2] *Id.*   Ashford then filed a notice of appeal with the Kentucky Court of Appeals, disputing the Fayette Circuit Court's June 8 and July 30 opinions.   [Record No. 5-10]   Bollman responded by filing a motion with the Kentucky Court of Appeals to dismiss Ashford's appeal as untimely.   [Record No. 5-1, p. 4]   It appears that Ashford's appeal and Bollman's motion to dismiss remain pending before the Kentucky Court of Appeals.

### III.

On September 8, 2015, Ashford filed the present action with this Court, asserting diversity and federal question jurisdiction.    [Record No. 1]    Aside from his age discrimination claim under the federal Age Discrimination in Employment Act of 1967

---

[2]   The motion to alter, amend, or vacate was denied because it was not timely filed.

("ADEA"), the plaintiff's federal Complaint alleges the same facts and causes of action as asserted in Ashford's state Complaint filed in March 2010.  *Id.*  On September 30, 2015, Bollman filed the instant motion to dismiss.  [Record No. 5]  It argues that this Court should dismiss Ashford's federal Complaint because: (i) its claims are barred by issue preclusion and the Full Faith and Credit Clause, (ii) application of the *Colorado River* abstention doctrine weighs in favor of dismissal, and (iii) the Complaint fails to state any claims upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 5-1]  Alternatively, Bollman seeks transfer of the case to the United States District Court for the Eastern District of Pennsylvania based on the forum selection clause and 28 U.S.C. § 1404(a).  *Id.* at 9.

On October 23, 2015, Ashford moved this Court to stay the action until the Kentucky Court of Appeals resolves his pending appeal.  [Record No. 12]  Ashford also based his motion on the *Colorado River* abstention doctrine.  *Id.*  After the plaintiff filed his response to its motion to dismiss, Bollman moved for sanctions based on a number of legal theories. [Record Nos. 19 and 19-1]  In his response to Bollman's motion for sanctions, Ashford also requests that the Court issue an order requiring Bollman to show cause why Bollman should not be sanctioned.  [Record No. 24]  All motions are now fully-briefed.

## IV.

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

(citing *Twombly*, 550 U.S. at 556).  As an initial matter, Bollman asserts that the facts alleged in Ashford's Complaint, even when taken as true, fail to state a plausible claim for relief. Accordingly, it contends that the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Under Rule 9(f) of the Federal Rules of Civil Procedure, factual allegations regarding time and place are "material when testing the sufficiency of a pleading."  The United States Court of Appeals for the Sixth Circuit has interpreted Rule 9(f) to allow a Rule 12(b)(6) dismissal if "it is apparent from the face of the complaint that the time limit for bringing the claim has passed."  *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992) (internal citation omitted).

Bollman asserts that Ashford's ADEA and Kentucky Civil Rights claims are time-barred based on their respective statutes of limitations.  [Record No. 5-1, pp. 15, 18]  Further, it argues that the employment agreement's choice of law provision mandates application of Pennsylvania's limitation periods to Ashford's remaining claims.  *Id.* at 19-20.   And according to Bollman, Pennsylvania's statutes of limitations bar all of Ashford's remaining claims.  *Id.*  Finally, Bollman contends that Ashford's fraud claim is barred even if this Court applies Kentucky's statute of limitations.  *Id.* at 19.

For choice of law purposes, the Sixth Circuit has determined that statutes of limitations are procedural, not substantive, rules.  *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998).  In *Cole*, the contract at issue contained a choice of law clause stating that it would "be governed and construed in accordance with the laws of the State of California."  *Id.* at 435.  Nevertheless, the Sixth Circuit concluded that the forum state's statute of limitations,

not California's, governed the breach of contract claim. *Id.* at 438. The *Cole* Court explained,

> [C]ontractual choice-of-law clauses incorporate only substantive law, not procedural provisions such as statutes of limitations. . . . Absent an express statement that the parties intended another state's limitations statute to apply, the procedural law of the forum governs time restrictions on an action for breach, while the law chosen by the parties governs the terms of their contract.

*Id.* at 437.

Similarly, the choice of law provision in the employment contract at issue states that "claims arising directly or indirectly hereunder shall be governed by the internal laws of the Commonwealth of [Pennsylvania] and the United States of America." [Record No. 8, p. 9] The contract does not expressly indicate that Pennsylvania's statutes of limitations will govern. Thus, Kentucky's statutes of limitations apply to all of Ashford's state law claims, regardless of whether the contractual choice of law provision applies to them.

A claim brought under the Kentucky Civil Rights Act must be commenced within five years after the claim accrues. *See* K.R.S. § 413.120(2); *Leonard v. Corr. Cabinet*, 828 S.W.2d 668, 670 (Ky. App. 1992) ("The applicable statute of limitations period for a state civil rights claim pursuant to KRS 344.450 is five years. KRS 413.120(2).") Ashford claims that Bollman violated the Kentucky Civil Rights Act by discharging him solely because of his age. [Record No. 1, p. 8] He also claims that Bollman "intentionally discriminated against [him] with respect to the terms, wages, conditions, privileges, advantages, and benefits of employment with BOLLMAN." *Id.* at 9. Ashford's claim accrued and the limitations period began to run when he was discharged from employment, thereby ending any ongoing discrimination. *Leonard*, 828 S.W.2d at 670.

Ashford asserts that he and other similarly-situated employees were discharged on or about December 17, 2006. [Record No. 1, p. 4] His discharge letter from Kangol indicates that his employment officially terminated on January 30, 2007. [Record No. 17-5] Thus, even if Ashford's EEOC appeals process tolled the limitations period, the period would have commenced no later than December 8, 2009, the date he received a right to sue notice. *See Fallin v. Commonwealth Indus. Inc. Cash Balance Plan*, 521 F. Supp. 2d 592, 598 (W.D. Ky. 2007) ("[W]here the administrative appeals process was commenced (but not yet exhausted) within the limitations period, the running of the limitations period should be tolled until that process is exhausted."). Ashford did not file this Complaint until September 8, 2015, or over eight years after he was discharged and five years and nine months after he received his right to sue notice. Therefore, the Kentucky Civil Rights Act claim is barred by the Act's five-year statute of limitations, absent a valid tolling or estoppel defense.[3]

Fraud claims are also subject to a five-year statute of limitations. K.R.S. § 413.120(11). Ashford asserts that he detrimentally relied on Bollman's representations that it is an equal-opportunity employer and also on its promises that it would pay Ashford "appropriate compensation" for his work. [Record No. 1, pp. 11-12] The five-year limitations period does not accrue "until the alleged fraud or mistake is discovered or, in the

---

[3]     Bollman also argues that this claim should be dismissed because it does not qualify as an "employer" and Ashford does not qualify as an "employee" under the Act. The company also contends that the Act does not apply extraterritorially and that Ashford has not exhausted his administrative remedies in Pennsylvania. [Record No. 5-1, p. 18] "'In keeping with notions of judicial restraint, federal courts should not reach out to resolve complex and controversial questions unnecessarily.'" *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1031 (6th Cir. 1994) (quoting *Allen v. Ferguson*, 791 F.2d 611, 615 (7th Cir. 1986)). Because Ashford's claims under the Act are subject to dismissal based on the Act's statute of limitations, it is unnecessary for this Court to decide these remaining issues.

exercise of reasonable diligence, should have been discovered." *Hernandez v. Daniel*, 471 S.W.2d 25, 26 (Ky. 1971).  Ashford has not pled any facts indicating that he discovered the fraud any later than his discharge from employment.  Because he was discharged in 2006 but waited to file this suit until 2015, the fraud claim is barred by Kentucky's five-year statute of limitations.[4]

Ashford also claims that Bollman breached the employment agreement and the covenant of good faith and fair dealing implicit in the agreement.  [Record No. 1, pp. 12-15] Claims for breach of a written contract are subject to a fifteen-year statute of limitations, K.R.S. § 413.090(2).  The same limitations period applies to implied covenants within a written contract.  *See Creson v. Scott*, 275 S.W.2d 406, 408 (Ky. 1955) (Fifteen-year statute of limitation in K.R.S. § 413.090 applies to breach of implied covenant of quiet enjoyment in a written contract.).  Bollman and Ashford did not enter the contract at issue until 2002 (less than fifteen years ago), and Bollman has not offered any other reasons why these particular claims should be dismissed under Rule 12(b)(6).  Accordingly, Ashford's contractual claims will not be dismissed for failure to state a claim by virtue of the claims not being timely.

The ADEA requires that Ashford's federal claims be brought within ninety days of receiving a right to sue notice from the EEOC.  29 U.S.C. § 626(e).  Because Ashford received his right to sue notice over five years ago, his ADEA claim is barred by the ninety-day statute of limitations.

---

[4]     Bollman also contends that Ashford failed to plead fraud with particularity.  [Record No. 5-1, pp. 19-20]  Because the statute of limitations bars the plaintiff's fraud claim, the Court need not decide this issue.  *See Gen. Acquisition*, 23 F.3d 1022, 1031 (6th Cir. 1994).

In an effort to avoid dismissal of his claims under Rule 12(b)(6), Ashford argues that all of his time-barred claims are subject to equitable tolling or, alternatively, equitable estoppel.  [Record No. 17, pp. 13-16, 29]  "The federal courts sparingly bestow equitable tolling."  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000).  Generally, the doctrine will only be used to extend a limitations period where the plaintiff's failure to meet the "legally-mandated deadline unavoidably arose from circumstances beyond [his] control."  *Id.* at 560-61.  In fact, "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day."  *Id.* at 561.  The Sixth Circuit determines whether equitable tolling applies on a case-by-case basis after considering whether: (i)  the plaintiff lacked actual notice of the filing requirement (ii) the plaintiff lacked constructive notice of the filing requirement; (iii) the plaintiff displayed diligence in pursing his or her rights; (iv) the defendant will be prejudiced by tolling the limitations period; and (v) the plaintiff was ignorant of the particular legal requirement.  *Id.* at 561.

Here, the first, second and fifth factors weigh against equitable tolling because the plaintiff does not allege that he was unaware of any filing requirements nor does he contend that he was ignorant of the applicable limitations periods.  Instead, Ashford argues that he diligently pursued his rights, first with the administrative action he filed with the EEOC and then with the suit he filed in state court.  [Record No. 17, p. 17]  Relying on Pennsylvania law, Ashford contends that equitable tolling is available where the plaintiff "asserted his rights in a timely fashion, but in the wrong forum."  *Uber v. Slippery Rock Univ. of Pa.*, 887 A.2d 362 (Pa. Commw. Ct. 2005).

However, Kentucky's tolling principles apply where Kentucky's statutes of limitations control.  As Ashford observed in his response brief, a state's statutes of limitations are inextricably linked to that state's provisions "regarding tolling, revival, and questions of application."  [Record No. 17, p. 15 (quoting *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 464 (1975))]  Ashford has not cited any Kentucky authority that provides for tolling where the plaintiff has filed suit in the wrong forum.[5]  In fact, Kentucky has adopted a test similar to the Sixth Circuit, allowing equitable tolling where the plaintiff is diligent in exercising his rights but circumstances beyond his control prevent him from filing the action within the limitations period.  *See Nanny v. Smith*, 260 S.W.3d 815, 817-18 (Ky. 2008) (holding that a statute of limitations was equitably tolled where the court clerk failed to issue summons for a timely delivered complaint within the limitations period); *Robertson v. Commonwealth*, 177 S.W.3d 789, 792-93 (Ky. 2005) (adopting the Sixth Circuit's five factor test for equitable tolling where an inmate timely delivered his motion to the prison mail clerk but the motion was not filed with the court before the limitations period expired), *overruled by Hallum v. Commonwealth*, 347 S.W.3d 55, 58-59 (Ky. 2011) (overruling *Robertson*'s use of equitable tolling after adoption of the prison mailbox rule).

---

[5]     Ashford does cite to one Supreme Court case and one Sixth Circuit case to support his "wrong forum" theory.  In *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 426-27 (1965), the Supreme Court found that equitable tolling was appropriate based on the legislative intent behind the Federal Employers' Liability Act's limitations period.  But Ashford's claims are not based on the FELA and *Burnett*'s reasoning is not applicable.  In *Fox v. Eaton Corp.*, 615 F.2d 716, 719 (6th Cir. 1980), the Sixth Circuit applied equitable tolling where the plaintiff's original suit was dismissed based on lack of jurisdiction, in part, because the jurisdiction issue was "far from clear" at the time the plaintiff filed her claim.  Notably, neither *Burnett* nor *Fox* involved a forum selection clause.  And, unlike *Fox*, the proper forum is not "far from clear" in this case where a forum selection clause clearly designated Pennsylvania as the proper forum.

-12-

Ashford has not shown that any circumstance beyond his control prevented him from filing his state law claims or his ADEA claim in this Court before the limitations periods had run. The fact that the plaintiff's state court claims were dismissed based on the forum selection clause in his employment agreement does not entitle him to equitable tolling. No extraordinary circumstance prevented him from originally filing his Complaint in the proper forum according to the forum selection clause.

In *Crist v. Carnival Corp.*, 410 F. App'x 197, 201-02 (11th Cir. 2010) (per curiam), the plaintiff similarly filed one case in state court that was dismissed based on the applicable forum selection clause and then filed a second action in the proper federal forum after the contractual limitations period elapsed. Refusing to apply equitable tolling, the Eleventh Circuit held as follows:

> We conclude by noting that the forum selection clause in this case would lose much of its meaning if a plaintiff could, on these facts, circumvent it without consequence. . . . The benefits of a certain forum and the conservation of judicial resources that justify applying the clause would effectively be eliminated if a plaintiff could use equitable tolling to excuse what is simply garden-variety negligence.

*Id.* at 203. For the same reasons, this Court will not toll the limitations periods that bar Ashford's claims for fraud and for violations of the ADEA and the Kentucky Civil Rights Act.

Ashford also mentions equitable estoppel but fails to present any factual contentions that would entitle him to claim its protection here. *See* Record No. 22, p. 1. For equitable estoppel to apply, "a plaintiff must show that the defendant took affirmative steps to prevent the plaintiff from suing in time, 'such as by hiding evidence or promising not to plead the statute of limitations.'" *Cheatom v. Quicken Loans*, 587 F. App'x 276, 280 (6th Cir. 2002)

(quoting *Bridgeport Music Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 891 (6th Cir. 2004). Ashford alleges no such facts in this case.  Instead, he argues that Bollman's failure to timely remove the state court action to federal court prevented him from challenging the instant action.  [Record No. 17, pp. 16-17]  But Bollman's failure to timely remove the earlier case does not amount to an "affirmative action" that prevented Ashford from filing this case on time.  Further, Ashford has failed to provide any other legal doctrine that would bar Bollman from challenging this action based on its failure to successfully remove a different action. Because Ashford is not entitled to any equitable relief, Bollman's motion to dismiss his age discrimination and fraud claims will be granted.

## V.

Bollman argues that the claims that survive Rule 12(b)(6) dismissal should be dismissed based on the *Colorado River* abstention doctrine.  Conversely, Ashford asserts that those claims should be stayed based on the same doctrine.  However, he also argues that some of the doctrine's essential elements are inapplicable to the facts of this case.

Generally, a pending state court action does not bar a federal court from exercising jurisdiction over a proceeding concerning the same subject matter.  *Colorado River*, 424 U.S. at 817.  Because federal courts have an important obligation to exercise the jurisdiction given them, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813, 817.  There are three primary categories where abstention is appropriate: (i) cases that present "a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law," (ii) cases involving difficult questions of state law that present public policy issues best settled by state courts, and (iii) cases where "absent bad faith, harassment, or a patently invalid state statute, federal

-14-

jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Id.* at 813-16 (internal citations and quotation marks omitted).

The facts in *Colorado River* did not fall, nor does this case fall, into any of these categories. *Id.* at 817. Nevertheless, the Supreme Court held in *Colorado River* that abstention might still be appropriate in certain circumstances for reasons of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (internal citation and quotation marks omitted).

The Court then identified four factors that federal courts should consider when determining whether this type of abstention applies: (i) problems that arise when a federal and state court assume jurisdiction over the same res, (ii) "the inconvenience of the federal forum," (iii) "the desirability of avoiding piecemeal litigation," and (iv) "the order in which jurisdiction was obtained by the concurrent forums." *Id.* at 818. After *Colorado River*, the Supreme Court added additional factors, including: (v) "whether the source of governing law is state or federal," (vi) "the adequacy of the state court action to protect the federal plaintiff's rights," (vii) "the relative progress of the state and federal proceedings," and (viii) "the presence or absence of concurrent jurisdiction." *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 (1983); *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655 (1978)). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-19. Before a court weighs any of the listed factors, it must first determine whether the concurrent state and federal proceedings are parallel. *Romine*, 160 F.3d at 339. With respect to this question, the proceedings need not be

exactly parallel, but they must be substantially similar for *Colorado River* abstention to apply. *Id.* at 340.

Ashford improperly conflates the parallelism issue and the res factor, contending that Bollman's "claim that this is a parallel claim is doubtful, inasmuch as the initial balancing factor . . . under Colorado River abstention is 'whether the state court has assumed jurisdiction over any res or property.'"   [Record No. 12, p. 3, n. 1]  This case does not involve a property dispute.  However, "because no one factor is necessarily determinative," *Colorado River*, 424 U.S. at 818, courts have found proceedings are parallel and abstention applies where res was not an issue.  *See Romine*, 160 F.3d 337.

Ashford also quotes *Kopacz v. Hopkinsville Surface and Storm Water Util.*, 714 F. Supp. 2d 682 (W.D. Ky. 2010), a non-binding decision from the Western District of Kentucky.  [Record No. 12, p. 3]  The *Kopacz* Court held that proceedings are not parallel if there are any issues that would not be resolved by the state court upon completion of the state court action.  *Id.* at 687.  The plaintiff argues that the issues in the state court case have not been resolved because the state court declined to issue a ruling on the merits, instead dismissing the case because of the forum selection clause.  [Record No. 17, p. 19]  However, neither *Kopacz* nor any binding case law suggests that a state court must resolve all issues *on the merits* for a subsequent federal proceeding to qualify as parallel.

Additionally, Ashford cannot avoid dismissal by arguing that *Colorado River* does not apply and then obtain a stay by arguing that it does apply.  If the state court action and this federal action are not parallel as he suggests, the *Colorado River* abstention doctrine is not applicable and he is not entitled to stay the action.  But this Court concludes that the two actions *are* parallel.  The state court action and this action involve the same parties and

substantially similar claims premised on the same material facts. *See Romine*, 160 F.3d at 340 (Proceedings were parallel where: (1) the parties are substantially similar and (2) the claims are predicated on the same allegations as to the same material facts.). As discussed earlier, Ashford's federal Complaint is nearly identical to his state Complaint, save his new ADEA claim. However, because that claim will be dismissed based on Rule 12(b)(6), it will not defeat parallelism. *See Kopacz*, 714 F. Supp. 2d 682 (stay granted based on *Colorado River* abstention doctrine where plaintiff's new Clean Water Act claim in her subsequent federal suit would have defeated parallelism but for the federal court's dismissal of that claim under Rule 12(b)(6)). Because the two suits meet the preliminary requirement of parallelism, the Court will next consider the factors from *Colorado River* and subsequent cases.

First, as discussed above, this case does not involve a property issue. While that fact weighs against abstention, it does not preclude abstention altogether. *Romine*, 160 F.3d at 341. The convenience factor also weighs against abstention. The federal courthouse in Lexington, Kentucky and the Fayette Circuit Courthouse are steps apart. The defendant, therefore, will experience no inconvenience by litigating this suit in federal court. Nevertheless, abstention is still available even when the property and convenience factors weigh against its application. *See id.*

"Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Id.* at 341. This factor weighs heavily in favor of abstention. The plaintiff does not dispute that this action is nearly identical to the one he brought in state court. Instead, he asserts that his counsel "ha[d] an obligation to file the within matter in order to preserve the rights that Plaintiff has in the Complaint originally filed in state court." [Record No. 12, pp. 1-2] The

plaintiff has not presented any legal authority to support this theory.  Nevertheless, to litigate the same suit in federal and state court would undoubtedly result in a waste of judicial resources and could lead to inconsistent outcomes.

The fourth factor (*i.e.*, the order in which jurisdiction was obtained) and the seventh factor (*i.e.*, the relative progress of the state and federal proceedings) are interrelated.  The state court obtained jurisdiction over this suit when the Complaint was filed almost five years before the federal Complaint was filed.  Like *Romine*, 160 F.3d at 341-42, the state court proceedings in these two cases have also "progressed considerably further than the . . . federal action, a fact that weighs strongly in favor of deferring to the former."  The state trial court has completely disposed of the case, and its final order dismissing it is now on appeal before the Kentucky Court of Appeals.  Conversely, in this action, the parties are still in the pleading stage and discovery has not commenced.

As for the fifth factor, all of the remaining claims (*i.e.*, breach of contract and breach of the implied covenant of good faith and fair dealing) are grounded in state law, another factor weighing in favor of abstention.

Ashford argues that the sixth factor (*i.e.*, the adequacy of the state court action to protect the federal plaintiff's rights) weighs against abstention "if the matter is 'dead' as claimed by [the] Defendant" because of the state court's dismissal.   [Record No. 12, p. 3]  However, this factor does not protect a plaintiff from an adverse ruling in the state court.  It only protects the rights that belong to him, and the Fayette Circuit Court has determined that he has no right to litigate this matter outside of the state of Pennsylvania.  In other words, Ashford has not shown that he possesses any additional rights that the state court action cannot safeguard.  This factor weighs in favor of abstention.

Finally, the state court possesses concurrent jurisdiction with this Court over the two state law claims that remain pending here.  Including this last factor, six of the factors weigh in favor of abstention and only two factors weigh against it.  After balancing these factors against this Court's obligation to exercise its jurisdiction, the undersigned concludes that abstention is necessary to effectuate "wise judicial administration."  The only remaining issue is whether the case should be dismissed entirely or stayed until the conclusion of the state court proceeding.

The Supreme Court has not conclusively decided whether a stay or a dismissal is the preferred course of action when a federal court abstains under *Colorado River*.  *See Moses H. Cone*, 460 U.S. at 28 ("We have no occasion in this case to decide whether a dismissal or a stay should ordinarily be the preferred course of action when a district court properly finds that *Colorado River* counsels in favor of deferring to a parallel state-court suit.")  However, the Sixth Circuit has concluded that "a stay is the best way to effectuate *Colorado River* abstention."  *Bates v. Van Buren Twp.*, 122 F. App'x 803, 809 (6th Cir. 2004).

In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Supreme Court considered the *Burford* abstention doctrine.  Even though *Colorado River* abstention was not at issue, some of *Quackenbush*'s conclusions are instructive.  In considering whether a stay or dismissal should be granted in abstention cases, the Court explained,

> We have thus held that in cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court.  By contrast, while we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions.

-19-

*Id.* at 721.  Because this is an action for monetary damages, not equitable relief, the best course of action appears to be a stay until the state proceedings are complete.  "At that point, if any party still has a claim for which it is entitled to a federal forum, and it is not barred by *res judicata* or a similar doctrine, it may return to federal court."  *Bates*, 122 F. App'x at 808-09.

Bollman urges the Court to dismiss the case instead of staying it because "[n]o matter what happens in Kentucky state court, this Court will be faced with a judgment that has preclusive effect on Ashford's claims."  [Record No. 16, p. 6]  However, the Fayette Circuit Court dismissed the state court action because it "lacks venue to hear the dispute."  [Record No. 5-7, p. 11]  While this Court might reach the same conclusion, it is not bound to do so under the principle of res judicata.  As Bollman has observed, res judicata requires a final decision on the merits.  *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (2006).  A dismissal based on improper venue, though, is not an adjudication on the merits and therefore is not subject to res judicata. *Bartsch v. Charmberlin Co. of America*, 266 F.2d 357, 358 (6th Cir. 1959) (per curiam).  Accordingly, the plaintiff's motion to stay the case will be granted as to the two remaining claims until the state court case is finished.[6]

---

[6]     In the event that all of Ashford's claims were not dismissed, Bollman requested that the court transfer this matter to a federal court in Pennsylvania under 28 U.S.C. § 1404(a).  The undersigned declines to do so because the abstention principles discussed above direct the Court to first allow the state court to reach a decision.  While that decision may not be on the merits and may therefore require this Court to make substantive determinations later, the state court might still resolve the case on its merits depending on the outcome of the pending appeal, precluding the claims filed in this court under principles of res judicata.

**VI.**

Bollman's motion for attorney's fees and expenses related to the defense of this suit remain pending.  [Record No. 19]  While sanctions appear appropriate, at this time, it is the intention of the Court to address Bollman's motion at the conclusion of this action, provided the matter currently pending before the Kentucky Court of Appeals is timely decided.

With respect to Ashford's motion for a show cause order [Record No. 24], the Court notes that Bollman's motions are neither frivolous nor meritless in any material respect. Therefore, that motion will be denied.

**VII.**

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1.      Defendant Bollman Hat Company's motion to dismiss is **GRANTED**, with respect to Plaintiff Ron Ashford's claims for fraud and age discrimination under the Age Discrimination in Employment Act of 1967 and the Kentucky Civil Rights Act.  [Record No. 5]

2.      Plaintiff Ron Ashford's motion for a stay under the *Colorado River* abstention doctrine is **GRANTED**.  [Record No. 12]  Subject to intervening orders, and except as noted in paragraph 3 below, the parties may not file additional pleadings herein.

3.      The parties are **DIRECTED** to a joint report regarding the status of the state court proceedings every thirty days following the entry of this Order.

4.      Plaintiff Ron Ashford's motion for a show cause order is **DENIED**.  [Record No. 24]

This 11th day of January, 2016.



Signed By:

_**Danny C. Reeves**_  DCR

**United States District Judge**